IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NORMAN CLAY GUTHRIE                                                                       PETITIONER

v.                                        Civil No. 4:24-cv-04012

STATE OF ARKANSAS BOARD OF PAROLE                                              RESEPONDENT

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is Norman Clay Guthrie's ("Petitioner") failure to prosecute this case and failure to keep the Court informed of his address. For the reasons set forth below, the Court recommends the case be dismissed.

**I.      BACKGROUND**

On January 29, 2024, Petitioner filed a pleading titled "Equal Protection Claim". ECF No. 1. Upon review of the pleading it appears Petitioner claims he had fully served an imposed sentence of incarceration and should be released from state custody. Consequently, the Court interpreted the pleading to be one requesting *habeas corpus* relief.

Because the Court could not discern the nature of any claim cognizable pursuant to 28 U.S.C. § 2254, on January 30, 2024, the Court entered an order: 1) directing the Clerk to mail Petitioner the Court approved § 2254 *habeas* form; 2) directing Petitioner to fill out the § 2254 form and return it to the Court by February 29, 2024; and 3) directing Petitioner to submit a verified application to proceed *in forma pauperis* or pay the $5.00 filing fee on or before February 29, 2024. ECF No. 3. In addition, the order informed Petitioner that failure to timely comply with the Court's deadlines would result in dismissal of the case.

On February 16, 2024, the documents sent to Petitioner at his address of record were

returned to the Court as undeliverable. ECF No. 4. To date, Petitioner has not informed the Court of his current address or otherwise communicated with the Court.

## II.    APPLICABLE LAW

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Here, the record is clear Plaintiff has failed to prosecute or defend this action and failed to keep the Court informed of his current address.

## I.    CONCLUSION

Based on the foregoing, the Court recommends Petitioner's Petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 18th day of March 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE